IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
―――――――――――――――――――――――――――――――――――――――――――――――――――
EDDIE BAKER,

                Petitioner,                              ORDER

    v.

                                                    15-cv-264-wmc

CHARLES E. SAMUELS, and
L.C. WARD,

                Respondents.
―――――――――――――――――――――――――――――――――――――――――――――――――――

Petitioner Eddie Baker, Jr., is currently in custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Before the court is his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which may also be applied to habeas petitions not brought under § 2254. After considering the pleadings and his memorandum in support, Baker's motion will be dismissed for the reasons set forth briefly below.

FACT

Baker is serving concurrent sentences for state and federal convictions. Milwaukee County imposed a ten-year sentence for a conviction of first-degree reckless endangerment of safety while armed with a dangerous weapon. The Eastern District of Wisconsin imposed a 327-month sentence for a conviction of unlawful possession of a firearm as a felon.

Baker's petition seeks access to state statutes and case law. Baker claims that

he needs those materials to research whether his state conviction barred the federal conviction against him. According to his petition, Baker cannot access state statutory and case law on the law library computers, and his request for access to certain state statutes was denied by an administrator at FCI Oxford. Baker asks the court to order that he be provided access to these materials or, in the alternative, that he be immediately released and compensated for violation of his right to due process.

OPINION

Baker seeks judicial review under 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" Under § 2241, an inmate's exclusive remedy is release. *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

Baker's petition does not fall under the purview of § 2241 because he is not just challenging the fact that he is in custody. A petition for writ of habeas corpus is the proper route if the prisoner seeks "a quantum change in the level of custody -- whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991). However, Baker is seeking *either access to library materials or release and compensation*. Injunctive and compensatory relief may be available to Baker

under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but not in a habeas petition. *See Glaus*, 408 F.3d at 388-89; *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997). Although he does request release as an alternative form of relief, Baker asks for release as a form of compensation for the alleged violation of his due process right to access library materials, which is not the type of action contemplated by § 2241. *See Cunningham v. Wilson*, 326 Fed. Appx. 948, 949 (7th Cir. 2009) ("release from custody is not a form of relief available under § 2241 to a federal inmate challenging the conditions of his confinement").

The allegations and relief sought in Baker's petition resemble a *Bivens* action, but the court will not convert this action into a civil rights complaint. When a prisoner mislabels a civil lawsuit as a habeas petition, the court may not simply convert the action because of the various procedural differences between the two types of actions. *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). For example, the filing fee is $5 for a habeas petition, but $350 for a civil action. Additionally, as the petition stands, Baker names the warden as the respondent, not the individual or individuals that denied him access to library materials. In a civil rights action, the complaint must name as defendants the individual or individuals responsible for the harm. *See Glaus*, 408 F.3d at 389. Accordingly, the petition will be dismissed.

3

Baker may refile his petition as a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The court makes no judgment as to whether his claim will succeed, but again Baker should be aware that to file this complaint, he will be subject to the Prison Litigation Reform Act ("PLRA"). Under the PLRA, the plaintiff is required to pay the $350 filing fee, even if he asks for and is granted leave to proceed *in forma pauperis*. If he seeks and is granted pauper status, he must pay the fee in installments, starting with an initial partial payment calculated from a trust fund account statement, followed by monthly payments until the fee is paid in full. In addition, the PLRA requires the court to screen the plaintiff's complaint. If the court dismisses the action as legally frivolous or malicious or for failure to state a claim upon which relief may be granted, the court must assess plaintiff a "strike" under 28 U.S.C. § 1915(g). If a prisoner incurs three strikes, he may not proceed under the *in forma pauperis* statute unless he is in imminent danger of serious physical harm.

## ORDER

IT IS ORDERED that Petitioner Eddie Baker Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and this matter is DISMISSED.

Entered this 31st day of March, 2016.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge